**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| William Kostroun,<br><br>            Plaintiff,<br><br>      v.<br><br>Reality Sports Online, Inc.,<br><br>            Defendant. | Case No:<br><br>JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff William Kostroun ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Reality Sports Online, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2.      Plaintiff created a photograph of professional football player Azeez Ojulari (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.      At all times relevant to the claims herein, Defendant owned and operated a website at realitysportsonline.com (the "*Website*").

4.      Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.      Plaintiff William Kostroun is an individual who is a citizen of the State of New

1

Jersey and maintains a principal place of business in Bergen County, New Jersey.

6.    Upon information and belief, defendant Reality Sports Online, Inc., is a Pennsylvania corporation with a principal place of business at 21 Clearview Drive, Palmyra in Lebanon County, Pennsylvania.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Pennsylvania.

9.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.    **Plaintiff's Copyright Ownership**

10.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14.    On December 14, 2022, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15.    Plaintiff published the Photograph by commercially licensing it to a third-party media company for the purpose of display and/or public distribution.

2

16.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

17.     On February 5, 2023, the Photograph was registered by the USCO under Registration No. VA 2-338-291.

18.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

19.     At all times relevant to the claims herein, Defendant was the registered owner of the Website.

20.     At all times relevant to the claims herein, Defendant was responsible for the content on the Website.

21.     At all times relevant to the claims herein, Defendant was the operator of the Website and was responsible for its content.

22.     At all times relevant to the claims herein, the Website was a key component of Defendant's popular and lucrative commercial enterprise.

23.     At all times relevant to the claims herein, the Website was monetized in that it offered a premium fantasy sports platform requiring a paid subscription and, on information and belief, Defendant profited from these activities.

24.     Upon information and belief, Defendant is a sophisticated business which has advanced operational and strategic expertise in an industry where copyright is prevalent.

25.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with the need to ensure that images used on the Website have been properly licensed.

26.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of

3

sophistication.

27.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

28.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

29.    On or about December 15, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Website as part of an on-line article at URL: https://realitysportsonline.com/Content.aspx?articleID=idp-startsit-week-15. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

30.    The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://cms.realitysportsonline.com/wp-content/uploads/2022/12/azeez.jpg and https://cms.realitysportsonline.com/wp-content/uploads/2022/12/azeez-300x200.jpg.

31.    The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

32.    Plaintiff first observed the Infringement and Defendant's violation of the DMCA on March 24, 2023.

33.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

34.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

35.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

4

36.     Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

37.     Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

38.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

39.     Upon information and belief, at all times relevant to the claims herein, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

40.     Upon information and belief, at all times relevant to the claims herein, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

41.     Upon information and belief, at all times relevant to the claims herein, Defendant had the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42.     Upon information and belief, at all times relevant to the claims herein, Defendant monitored the content on its Website.

43.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

44.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues and paid fantasy football subscriptions.

45.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

46.     Upon information and belief, at all times relevant to the claims herein, Defendant

had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47.    Defendant's use of the Photograph harmed the actual market for the Photograph.

48.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

49.    On April 14, 2023, Plaintiff, via counsel, sent a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

50.    Thereafter, on March 29, 2024, February 11, 2026 and March 13, 2026, Plaintiff, via counsel, sent follow up letters seeking to address said complaints directly with Defendant in attempt to avoid litigation.

51.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

52.    Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continued to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

53.    As of the filing of this complaint, the Photograph is still displayed on the Website.

54.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

55.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

56.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

57.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

6

58.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

59.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

60.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

61.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

62.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

63.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

64.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Vicarious Copyright Infringement)

65.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

7

66.    Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its employees, agents, affiliates, vendors and/or members and declined to exercise the right and ability to supervise or control that infringing conduct despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

67.    As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant has continued to infringe upon Plaintiff's Photograph, which in turn generates profits for Defendant directly from the use of the Infringement.

68.    Defendant enjoyed a direct financial benefit from the Infringement from *inter alia*, revenue from paid subscriptions from the increased traffic to its Website.

69.    Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby increasing its business revenue.

70.    Defendant is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

71.    Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

72.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

73.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

74.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. §

8

502.

## THIRD COUNT
### *(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))*

75.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

76.     The Photograph as originally published in the New York Post at URL: https://nypost.com/2022/12/14/kayvon-thibodeaux-azeez-ojulari-need-to-step-up-to-save-giants/ contained a gutter credit attributing Plaintiff "Bill Kostroun" as the author of the work.  Such a credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

77.     Defendant distributed the Infringement without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph.

78.     Upon information and belief, Defendant's distribution of the Photograph was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

79.     Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate or conceal its infringement.

80.     Defendant's conduct violates 17 U.S.C. § 1202(b).

81.     Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

82.     As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively,

9

Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

83.     As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

**JURY DEMAND**

84.     Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

    a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.     finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

    d.     for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

    e.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    f.     for costs of litigation and reasonable attorney's fees against Defendant

SLG SANDERS · LAW GROUP ·

10

pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g.      for pre-judgment interest as permitted by law; and

h.      for any other relief the Court deems just and proper.

DATED: March 23, 2026

**SANDERS LAW GROUP**

By:    */s/ Renee Aragona*
Renee Aragona, Esq.
PA Bar No. 325520
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 127710

*Attorneys for Plaintiff*

11